# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 16-150

(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
ROBERT KERN,                                *
                                            *         Chief Special Master Corcoran
                     Petitioner,            *
                                            *         Dated: September 11, 2020
v.                                          *
                                            *
                                            *         Guillain-Barré syndrome; Influenza
                                            *         vaccine; Decision dismissing
SECRETARY OF HEALTH AND                     *         petition; Vaccine Rule 21; RCFC 41.
HUMAN SERVICES,                             *
                                            *
                     Respondent.            *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Maximillian Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION DISMISSING PETITION**[1]

On February 1, 2016, Robert Kern filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the influenza ("flu") vaccine he received on November 12, 2014, caused him to experience Guillain-Barré syndrome ("GBS"). On August 10, 2020, just a few days after the case was transferred to me, a status conference was held to discuss how the parties wished to proceed with the matter. During the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

conference, Petitioner's counsel indicated that Mr. Kern had died due to causes unrelated to his alleged injury. Counsel indicated that he would be speaking with the administrators of Mr. Kern's estate to determine whether they wished to move forward with the claim.

On August 31, 2020, Petitioner's counsel filed a status report indicating that Mr. Kern's estate did not wish to proceed with the prosecution of the claim, and a motion to dismiss was forthcoming. Status Report, filed Aug. 31, 2020 (ECF No. 53). On September 11, 2020, Petitioner's counsel filed the present Motion to Dismiss (ECF No. 54) ("Mot.")). The Motion represents that Respondent's counsel does not object to Petitioner's request for dismissal. *Id.* at 2.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and though Respondent does not object to Petitioner's request, he has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Vaccine Rule 21(a) would only result in an "order concluding proceedings," allowing the claim to be refiled despite the fact that in this case Petitioner's estate has represented it has no intention to pursue the matter further. Rule 21(a)(3).

The only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—an informal mechanism for ending cases often utilized in the Vaccine Program, either because a petitioner has determined that the claim cannot succeed, or where the petitioner decides not to continue with the claim, but reaches that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Hum. Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). This mechanism is consistent with the rules of the Court of Federal Claims,[3] which permit dismissal of cases at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

Accordingly, I find it is appropriate to grant Petitioner's Motion. Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants (who are properly the "masters" of their claims)—values that constantly inform the work of special masters in deciding vaccine injury claims—all counsel in favor of allowing dismissal. In accordance with RCFC 41(a)(2),

---

[3] The Vaccine Rules specifically stated that the Rules of the Court of Federal Claims "apply only to the extent they are consistent with the Vaccine Rules," and otherwise empower special masters to "regulate the applicable practice" under the Vaccine rules "[i]n any matter not specifically addressed" therein. Vaccine Rule 1(b) and (c). Here, I find that permitting dismissal—in the form stated in this Decision—based on a rule of the Court of Federal Claims is fully consistent with the Vaccine Rules, given that language of Vaccine Rule 21 does not cover voluntary dismissal by court order, whereas RCFC 41 does cover voluntary dismissal by court order.

however, this Decision shall include several express limitations in order to make it conform to the requirements of Section 12(d)(3) of the Act. Thus, I find that (based upon the record before me) Petitioner would not have been able to preponderantly establish entitlement to a damages award. Moreover, this dismissal is *with prejudice*.[4] I also note that Respondent has not conceded that the claim possessed reasonable basis, and therefore may challenge any final fees request in this matter on that ground.

## CONCLUSION

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof, and insufficient reliable scientific proof offered in support of his causation theory. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, Petitioner's Motion for a Decision Dismissing the Case is hereby **GRANTED**, and the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Rule 41(a)(2) gives the Court discretion as to whether a dismissal should be with or without prejudice. *See Giesecke & Devrient GmbH v. United States*, 146 Fed. Cl. 631, 641 (Fed. Cl. 2020) ("[u]nder Rule 41(a)(2), a voluntary dismissal by court order is 'without prejudice' unless the court finds that the defendant will suffer legal prejudice, such as when a plaintiff "does not seek dismissal until a late stage" in the litigation"). There are three factors to consider on whether a dismissal should be with or without prejudice: "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (Fed. Cl. 2014).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.